# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4546 | **DATE** | NOVEMBER 30, 2004 |
| **CASE TITLE** | UWAKWE AKPULONU v. NATE McGOWAN, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to correct misstatements [77-1] is denied. Leave for plaintiff to proceed in forma pauperis is withdrawn. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

(11) ■ [For further detail, see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 01 2004 | |
| | Notified counsel by telephone. | | date docketed | 81 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 2004 NOV 30 PM 4:25 | 11/30/2004 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UWAKWE AKPULONU, )
)
        Plaintiff, )
)
v. ) No. 03 C 4546
)
NATE McGOWAN, et al., )
)
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

DOCKETED
DEC 0 2 2004

Pro se plaintiff Uwakwe Akpulonu filed this action in the Circuit Court of Cook County, Illinois, complaining that the City of Chicago and one of its employees had improperly seized or interfered with his use of property. On June 30, 2003, the City removed the action to federal court, where plaintiff filed a number of motions and also eventually amended his complaint, including adding a number of defendants. On July 30, 2003, prior to filing his amended complaint, plaintiff filed an application to proceed in forma pauperis that was supported by a financial affidavit. The motion was granted. Subsequently, when ruling on defendants' motion to dismiss the amended complaint, the court noted the apparent discrepancy between representations in the financial affidavit that plaintiff owned no property and had minimal income and allegations in the amended complaint that plaintiff owned real property and had had millions of dollars of



personal property taken or destroyed by defendants. A rule to show cause was issued requiring plaintiff to show why his case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) for having provided a false financial affidavit in support of his application to proceed in forma pauperis. See Akpulonu v. McGowan, 2004 WL 2034084 *15-17 (N.D. Ill. Aug. 12, 2004) ("Akpulonu I").

In ruling on the motions to dismiss the amended complaint, a number of plaintiff's claims were dismissed. Provisionally, plaintiff was granted leave to file a second amended complaint, but only if his case was not dismissed based on the rule to show cause. See id. at *15. In addition to the rule to show cause, pending is plaintiff's motion to correct misstatements. That is one of a number of motions that essentially seek reconsideration of the ruling on the motions to dismiss. Plaintiff again contends that the court misstated plaintiff's factual allegations. As was noted in the prior ruling, see id. at *2 n.3, plaintiff's contentions and allegations are difficult to understand with precision because of improper grammar and punctuation, including unclear syntax; unclear or imprecise allegations regarding time, place, or by whom; sentences that run on at length or are incomplete; the insertion of off-point legal references and legal jargon, often in the middle of sentences; and the length and repetitiveness of plaintiff's submissions. In ruling on the

motions to dismiss, the court did its best to understand and summarize plaintiff's allegations. Where inconsistencies or imprecision existed, discrepancies and ambiguities were construed in plaintiff's favor.

Plaintiff contends some facts recited in the ruling on the motions to dismiss are inconsistent with his actual allegations. Plaintiff, however, does not point to any material difference. For example, it had no impact on any ruling that the court referred to two attorneys as being in the City's Corporation Counsel office, see id. at *4, instead of, as plaintiff now alleges, being outside counsel retained to represent the City. Neither does it make any difference whether the guard dogs that plaintiff had on his property were purchased by him as stated in the opinion, id. at *2, or given to him by neighbors as plaintiff now clarifies. Plaintiff contends it was inaccurate to state that some of his property was not destroyed until November 2003, see id. at *16. Plaintiff now clarifies that it was November 2003 when he first discovered the personal property was gone. That fact, however, does not go to the merits of any claim. It could affect the accuracy of his financial affidavit, but plaintiff does not contend that all his personal property was destroyed prior to July 30, 2003. The precise date after July 30 that property may have been destroyed is not material. Moreover, it is noteworthy that plaintiff does not

contend that, as of July 30, 2003, he knew that his property had been destroyed. The motion to correct inaccuracies will be denied.

As was stated in the prior ruling:

> The in forma pauperis statute provides in part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) that allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Since the statute uses "shall," dismissal is mandatory when the financial affidavit is false. Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002). It is within the district court's discretion as to whether to dismiss the case with or without prejudice. Id. at 307-08; Mathis v. New York Life Insurance Co., 133 F.3d 546, 547-48 (7th Cir. 1998). The possible grounds for dismissing with prejudice have not been fully delineated in the case law, but it has been held that, when the affidavit is intentionally false, it is within the court's discretion to dismiss the case with prejudice. Id.; Chung v. Dushane, 2003 WL 22902561 *3 (N.D. Ill. Dec.9, 2003), aff'd by unpublished order sub nom., Chung v. KPMG LLP, 2004 WL 1435198 (7th Cir. June 24, 2004).

Akpulonu I, 2004 WL 2034084 at *16.

In paragraph 2 of his July 30, 2003 financial affidavit, plaintiff stated that, during the previous twelve months, he had no income from a business, profession, or other self-employment, nor any income from rent. Plaintiff indicated that his only income during that time period was $17 of wages and $700 from an unspecified other source. In paragraphs 6 and 7, plaintiff also

stated that he owned no real estate and no automobiles, boats, trailers, mobile homes, or other items of personal property with a then-current market value of more than $1,000. In his amended complaint, however, plaintiff alleges that he owns real property that is at the center of his dispute with the City. He also alleges that, until removed or destroyed by the City or looted from his property, he had trailers of goods, other vehicles, tools, and other personal property stored on his real property. In different pleadings, plaintiff variously valued this property as being worth from $30,000,000 to $100,000,000.

Plaintiff does not deny that, as of July 2003, as well as currently, he owned the real property on State Street. He also continues to allege that millions of dollars of personal property was stored on the State Street property and that at least some of it had not yet been destroyed as of July 30, 2003. He does deny that he had any more income than was listed on the July 2003 financial affidavit. Inconsistent with the allegations of the amended complaint, plaintiff also now contends that the personal property did not actually belong to him, but was being stored for others. Although not clear, plaintiff apparently contends that he omitted listing the real or personal property on the financial affidavit because the City had control of it at the time and he did not think he had to include it on the affidavit. He

apparently contends he should not be penalized for any unintentional misunderstanding regarding the legal situation.

Prior to the case being removed, plaintiff filed a financial statement in support of his application to proceed as an indigent. That statement is dated June 11, 2003, less than two months prior to the one filed after the case was removed. In that statement, plaintiff stated that he was employed by his church and expected to earn $1000 during "this year" and earned $500 during the previous year. More importantly, he stated that he owned the real estate on State Street and, under "personal property," listed that he owned: "Tractor, Tow truck, Pick up, Payloader, cars, trailers, dump truck."

In his emergency motion for temporary restraining order and preliminary injunction that was filed in state court on June 27, 2003, plaintiff states in ¶ 30(k) that "[i]n the years 1995 thru 2002, plaintiff was without a job." Plaintiff also notes that he had been involved in six prior lawsuits and spent substantial time reading cases and law books.

It is beyond credible that a person who had not worked for the prior eight years would be able to accumulate personal property worth thirty to one hundred million dollars. It would also defy belief that others would entrust a person in such dire financial straits to store millions of dollars of their property on real estate that he owns. Either plaintiff's allegations in

his amended complaint and other pleadings are false or his financial affidavit is false or both are partially false. Plaintiff claims, and defendants have not disputed, that he owns the real property on State Street. Plaintiff contends his ownership of this property was cleared up in 2002 and, in response to the rule to show cause, contends that he continues to own this property. In June 2003, plaintiff listed this property on a financial statement. It is not credible that, less than two months later, plaintiff innocently omitted this property from the financial affidavit filed in this court. Even if a dispute existed as to ownership and/or control of the real property and any personal property stored on it, plaintiff should have listed that property on the financial affidavit with a possible notation that he did not have access to the property or any means of deriving funds by selling the property or using it as collateral.

Both before and after July 30, 2003, plaintiff has devoted substantial time to litigation involving his assets. Moreover, in June 2003, plaintiff acknowledged to a court that he had interests in real and personal property. The submissions before this court do not support that plaintiff inadvertently omitted listing any real or personal property on his July 30, 2003 financial affidavit. It is found that plaintiff intentionally omitted those items from his financial affidavit. Because the affidavit was false, plaintiff's case must be

dismissed. Because it is found that plaintiff acted with the intent to deceive, the dismissal will be with prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion to correct misstatements [77-1] is denied. Leave for plaintiff to proceed in forma pauperis is withdrawn. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 30, 2004