# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4546 | **DATE** | DECEMBER 29, 2004 |
| **CASE TITLE** | UWAKWE AKPULONU v. NATE McGOWAN, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to file corrected motion [83-3] is granted. Plaintiff's motions for order to vacate, to correct order, and for reconsideration [83-1, 83-2, 84-1, 84-2] are denied. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of today's order.

(11) ■ [For further detail, see attached Memorandum Opinion and Order.]]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 30 2004 | |
| | Notified counsel by telephone. | | date docketed | 86 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mqm / mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UWAKWE AKPULONU,  )
                  )
        Plaintiff,)
                  )
   v.             ) No. 03 C 4546
                  )
NATE McGOWAN, et al., )
                  )
        Defendants.)

DOCKETED
DEC 3 0 2004

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Uwakwe Akpulonu's case was previously dismissed with prejudice because it was found that he intentionally included false statements in his financial affidavit. See Order dated Nov. 30, 2004. Judgment was entered on December 1 and plaintiff's present motion was filed on December 10. Therefore, the present motion is construed as a timely motion pursuant to Fed. R. Civ. P. 59(e). Plaintiff has also filed a corrected version of the motion in which he has corrected clerical and possibly other errors.

Although plaintiff has previously been told that he will not be permitted to file any more oversized briefs, he has filed a 39-page corrected brief. The brief does ramble, but it is more understandable than prior filings. Still, all these arguments could have been made prior to dismissal of the case. But even



fully considering plaintiff's present arguments on their merits, it would still be found that plaintiff's financial affidavit contained intentional misrepresentations.

Plaintiff's case was dismissed because his July 30, 2003 financial affidavit made no mention of owning any real or personal property even though the allegations he has made in other pleadings indicate otherwise. This was in contrast to a June 11, 2003 financial affidavit filed prior to removal in which plaintiff acknowledged owning property.

Plaintiff now contends that all the personal property seized from his State Street property was destroyed by July 28, 2003, with most being destroyed by June 29, 2003; that is, between the time of the June 11 and July 30 affidavits. See Corrected Brief at 25. He also now contends that he lost access to his real property on June 13, 2003 and did not regain access until April 2004; again losing access between the times of the two affidavits. See Corrected Brief at 16-20.

This explanation for the discrepancies in the July 30 financial affidavit is not credible:

(a) The explanation comes at a late date, after the case was dismissed. It was not offered in October when plaintiff filed his response to the rule to show cause.

(b) Despite numerous prior filings, this is the first time plaintiff alleges all the personal property was destroyed by

no later than July 28, 2003. It is inconsistent with the fact that, after July 30, 2003, he continued to request that the property be returned. Whether the property had been destroyed or not, plaintiff apparently believed it still existed, but did not include it in his affidavit.

(c) Even if plaintiff did not have access to his real property as of July 30, 2003, he did actually own the property and still insisted that he owned the property and therefore should have noted that on his affidavit.

(d) Plaintiff's present briefs refer to his still owning trucks after the June 2003 seizure of his real property. On page 34 of his December 10 Brief, plaintiff refers to not being able to park his pick up truck at the State Street property because the City had blocked access. On page 36 of the December 10 Brief, plaintiff refers to not being able to park his truck<u>s</u> on the property because the City had blocked access. Although plaintiff still refers to having control of trucks after June 13, 2003, he did not include ownership of any trucks in his July 30, 2003 financial affidavit.[1]

For the foregoing reasons, plaintiff's belated explanation for the false financial affidavit is not credible.

---

[1]Apparently recognizing the inconsistency represented by these allegations, plaintiff deleted them from the corresponding section of the "corrected" version of his brief. See Corrected Brief at 30-32 (§ 40).

One of the alternative headings of plaintiff's motion refers to transferring the case to Congress or the United Nations or substituting the magistrate judge based on 28 U.S.C. § 144. Corrected Brief at 1. Plaintiff does not cite any authority for transferring a case to Congress or the United Nations and the court is not aware of any. The only argument on these issues that is contained in the Corrected Brief are assertions found at pages 21 to 22 of the Corrected Brief. There, plaintiff refers to the court evidencing bias and prejudice against him by not addressing all of his contentions in the prior two opinions. Plaintiff does not set forth a sufficient basis for disqualification under § 144. Plaintiff has not filed the required supporting affidavit and certificate of good faith. Also, the motion is untimely when it comes almost 18 months after the case was filed and after the case has been dismissed and judgment entered. To the extent the motion should be construed as containing a request pursuant to 28 U.S.C. § 144, that aspect of the motion will be denied as well.

IT IS THEREFORE ORDERED that plaintiff's motion to file corrected motion [83-3] is granted. Plaintiff's motions for order to vacate, to correct order, and for reconsideration [83-1, 83-2, 84-1, 84-2] are denied. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court,

United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of today's order.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 29, 2004